United States District Court
Southern District of Texas
**ENTERED**
February 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRUE VIEW SURGERY CENTER ONE, L.P., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-3287 |
| GOODMAN GLOBAL HOLDINGS, INC. and GOODMAN MANUFACTURING CO., L.P. EMPLOYEE MEDICAL BENEFIT PLAN, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' Motion to Transfer Case to District of Connecticut and Brief in Support ("Motion to Transfer") (Docket Entry No. 5), seeking transfer of this case to the United States District Court for the District of Connecticut under the Fifth Circuit's first-to-file rule. After carefully considering the parties' arguments and the applicable law, the court is persuaded that the Motion to Transfer should be granted.

### I.  Background and Procedural History

The two cases at issue involve insurance payment disputes between True View Surgery Center One, L.P. ("True View") and its affiliates, and Goodman Global Holdings, Inc., Goodman

Manufacturing Co., L.P. Employee Medical Benefit Plan[1] (the "Plan")
(together, "Goodman") and Goodman's third-party plan administrator,
Cigna Health and Life Insurance Company ("Cigna").

## A.   The Connecticut Action

On December 11, 2014, Cigna sued True View and six other
defendants in the United States District Court for the District of
Connecticut.[2]  See <u>Connecticut General Life Insurance Company v.
True View Surgery Center One, LP</u>, Civ. Action No. 3:14-cv-1859(AVC)
(filed D. Conn. Dec. 11, 2014) (the "Connecticut Action").   On
March 27, 2015, Cigna filed an amended complaint in the Connecticut
Action.[3]   Cigna alleges that the defendants submitted fraudulent
claims for payment to Cigna, resulting in overpayments by Cigna of
approximately $17 million since 2010.[4]  The complaint alleges that
the defendants waived plan member's cost-share obligations through
"fee-forgiveness," an illegal practice that violates the terms of

---

[1]Goodman notes that the Plan is incorrectly named in the
Complaint and is actually the "Affiliates Employee Medical Benefit
Plan."  <u>See</u> Motion to Transfer, Docket Entry No. 5, p. 1.

[2]<u>See</u> Plaintiffs' Amended Complaint (Connecticut Action),
Exhibit 1 to Motion to Transfer, Docket Entry No. 5-2.  <u>See also</u>
Plaintiff's   Corrected   Opposition   to   Motion   to   Transfer
("Plaintiff's Opposition"), Docket Entry No. 17, p. 10 n.9.   The
other defendants are: Oprex Surgery (Houston) LP; LCS Surgical
Affiliates, LP; Pasnar Houston, LLC; Oprex Surgery (Beaumont) LP;
Oprex ASC Beaumont, LLC; and Altus Healthcare Management, LP.

[3]<u>See</u> Plaintiffs' Amended Complaint (Connecticut Action),
Exhibit 1 to Motion to Transfer, Docket Entry No. 5-2.

[4]<u>See</u> <u>id.</u> at 5-6.

Cigna's plans, and then submitted false claims that "greatly exceed the estimated costs disclosed to patients before services are rendered and do not disclose the waiver of patient cost-share obligations."[5]  Based on plan language "Cigna interprets its plans to cover out-of-network services only when plan members 'actually satisfy their cost-share obligations and . . . out-of-network providers do not waive it.'"[6]  Cigna filed the Connecticut Action on behalf of 315 health care plans, including the Goodman Plan, seeking recoupment for alleged overpayments.[7]

## B.  The Texas Action

On November 6, 2015, True View brought this action (the "Texas Action") in the Southern District of Texas, Houston Division, against Goodman and its Plan.[8]  The Plan is a self-funded employee welfare benefit plan established and maintained by Goodman pursuant to ERISA.[9]  Goodman is the Plan sponsor and administrator, and Cigna

---

[5]See Motion to Transfer, Docket Entry No. 5, p. 6 (citing Plaintiffs' Amended Complaint (Connecticut Action), Exhibit 1 to Motion to Transfer, Docket Entry No. 5-2).

[6]See id. at 5 (citing Plaintiffs' Amended Complaint (Connecticut Action), Exhibit 1 to Motion to Transfer, Docket Entry No. 5-2).

[7]See Plaintiffs' Amended Complaint (Connecticut Action), Exhibit 1 to Motion to Transfer, Docket Entry No. 5-2, p. 10 ¶ 32; see also note 26 infra.

[8]See Plaintiff's Original Complaint ("Complaint"), Docket Entry No. 1.

[9]See Defendants' Answer to Plaintiff's Original Complaint ("Answer"), Docket Entry No. 6, p. 2 ¶ 3.

provides third-party administrative services to the Plan pursuant to an Administrative Services Only ("ASO") agreement between Goodman and Cigna.[10]   Goodman describes Cigna's administrative services as follows:

> Cigna acts as a fiduciary and exercises discretionary authority to:   (1)   interpret and apply plan terms, including making any necessary factual determinations; (2)   determine   enrollment   and   benefit   eligibility, including computing benefit payment amounts; (3) perform a full and fair review of each claim denial which a claimant appeals; and   (4)   take actions   necessary   to recover overpayments made by the plans, on behalf of the plans.[11]

True View operates a surgical center in Houston, Texas.[12]   True View is an "out-of-network" provider that does not have a contract with Cigna, Goodman, or the Plan.[13]   True View alleges that Goodman engaged in an "elaborate scheme to withhold, embezzle and convert ERISA plan assets through a pattern of fraudulent benefits transactions and prohibited self-dealing misconduct;" and "in breach of their fiduciary duties, Defendants assisted, encouraged, and colluded with Cigna, their agent and co-fiduciary, to engage in statutorily prohibited transfers of plan funds deceptively masked through falsified benefits transactions."[14]

---

[10]See id. at 3 ¶ 17; 4 ¶ 22.

[11]See Motion to Transfer, Docket Entry No. 5, pp. 3–4.

[12]See Complaint, Docket Entry No. 1, p. 1 ¶ 1.

[13]See id. at 7 ¶¶ 20, 21; Answer, Docket Entry No. 6, p. 4 ¶ 21.

[14]See Complaint, Docket Entry No. 1, pp. 2–3 ¶ 7.

True View alleges that it provided surgical services to the following Plan beneficiaries: (1) Patient L.W. #46181 on April 21, 2014 and May 12, 2014; (2) Patient J.M. #47097 on August 8, 2014; (3) Patient N.L. #47987 on November 22, 2014; and (4) Patient R.E. #48195 on December 17, 2014 (together, the "Named Patients").[15] Goodman, through Cigna, refused to make any payments on the claims True View submitted for the services, citing "fee-forgiveness."[16] True View submitted ERISA Level I, II, and III appeals to Cigna, but the claims were denied.[17]

## II.  Standard of Review

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). The rule is designed to maximize the values of judicial economy, consistency, and comity between sister courts. Id. at 604. The cases at issue need not be

---

[15]See id. at 17 ¶ 47.

[16]See id. at 20-21; see also discussion supra.

[17]See id. at 22-26; Letter from Altus Healthcare Management Services on Behalf of Town Park Surgery Center to Donald Loverich Jr., Health Plan Administrator regarding Our Demand for $28,160.00 SPD Penalties per Cigna's Instruction, 3rd Level Voluntary ERISA Appeal Capping our Exhaustion of Administrative Remedies, Notice of Judicial Review and Potential Lawsuit, and Alerting Plan Administrator to Rule Out Possible Plan Assets Embezzlement & Tax Return 5500 Form Fraud Under 29 U.S.C. § 664, § 1104, § 1105, § 1106(b)(1)(d), § 1141 & § 1023(a)(3) ("Level III ERISA Appeal"), Exhibit H to Plaintiff's Opposition, Docket Entry No. 17-8.

identical, as long as the court in the later-filed action finds a substantial overlap in issues and parties.  See Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947, 950 (5th Cir. 1997).  To avoid the first-to-file rule, a plaintiff must demonstrate compelling circumstances that caution against transfer.  White v. Peco Foods, Inc., 546 F. Supp. 2d 339, 342 (S.D. Miss. 2008) (citing Mann Manufacturing, Inc. v. Hortex, Inc., 439 F.2d 403, 407 (5th Cir. 1971)).

## III.   Analysis

Goodman argues that the Texas Action should be transferred pursuant to the first-to-file rule because Cigna filed suit against True View and its affiliates on behalf of the Plan in Connecticut almost a year ago.  True View responds that the Southern District of Texas is actually the first-filed forum, Goodman is not party to the Connecticut Action, and the lawsuits do not involve overlapping claims, rendering the first-to-file rule inapplicable.

## A.   Related Litigation

Before Cigna filed the Connecticut Action, True View had filed suits against various employers and their company health plans in the Southern District of Texas.  On September 8, 2014, True View sued OneSubsea LLC Comprehensive Self-Insured Welfare Benefits Plan in Case. No. 4:14-cv-02577 (the "OneSubsea Action").[18]   On

---

[18]See Plaintiff's Original Complaint, TrueView Surgery Center One L.P. v. OneSubsea LLC Comprehensive Self-Insured Welfare Benefits Plan, No. 4:14-cv-02577 (filed S.D. Tex. Sep. 8, 2014) (continued...)

September 11, 2014, True View sued CBRE, Inc. Open Access Plus Medical Benefits Choice HRA Plan in Case No. 4:14-cv-02618 (the "CBRE Action").[19]  In both of these cases True View alleges fiduciary misconduct stemming from wrongful refusal to pay proper claims.[20] Both complaints assert many of the same causes of action as True View asserts in this action.[21]  (In addition to this action, True View filed suits against other employers and employer health plans in the Southern District of Texas in October and November of 2015.[22])

---

[18](...continued)
("OneSubsea Complaint"), Exhibit B to Plaintiff's Opposition, Docket Entry No. 17-2.

[19]See Plaintiff's Original Complaint, TrueView Surgery Center One L.P. v. CBRE, Inc. Open Access Plus Medical Benefits Choice HRA Plan, No. 4:14-cv-02618 (filed S.D. Tex. Sep. 11, 2014) ("CBRE Complaint"), Exhibit A to Plaintiff's Opposition, Docket Entry No. 17-1.

[20]See CBRE Complaint, Exhibit A to Plaintiff's Opposition, Docket Entry No. 17-1, pp. 2-8, 9-21; OneSubsea Complaint, Exhibit B to Plaintiff's Opposition, Docket Entry No. 17-2, pp. 2-8, 9-21.

[21]Compare Complaint, Docket Entry No. 1, pp. 28-34, with CBRE Complaint, Exhibit A to Plaintiff's Opposition, Docket Entry No. 17-1, pp. 21-32, and OneSubsea Complaint, Exhibit B to Plaintiff's Opposition, Docket Entry No. 17-2, pp. 21-31.

[22]See Local Rule 5.2 Notice, Docket Entry No. 8, listing the "following related cases [] currently pending in federal courts in Connecticut and Texas:

1. Connecticut General Life Insurance Company; Cigna Health and Life Insurance Company v. True View Surgery Center One, LP; Oprex Surgery (Houston), LP; LCS Surgical Affiliates, LP; Pasnar Houston, LLC; and Altus Healthcare Management, LP, 3:14-cv-01859-AVC (D. Conn. filed December 11, 2014);

2. True View Surgery Center One, L.P. v. Chicago Bridge and Iron Medical Plan, Chicago Bridge and Iron Company, and Dennis Fox, 3:15-cv-00310 (S.D. Tex. filed Oct. 29, 2015);

(continued...)

True View argues that its earlier Southern District of Texas cases are the "first-filed" cases.[23]  The court is not persuaded by this argument.  Both the OneSubsea Action and the CBRE Action involve only a few claims submitted under two plans, while the Connecticut Action involves claims relating to hundreds of plans.  The Connecticut Action is also the first-filed case relating to claims submitted under the Goodman Plan.[24]  The two cases True View

---

[22](...continued)

3. True View Surgery Center One, L.P. v. BAE Systems Funded Welfare Benefit Plan and BAE Systems Inc., 3:15-cv-00315 (S.D. Tex. filed Nov. 5, 2015);

4. True View Surgery Center One, L.P. v. Fairfield Industries Incorporated Medical and Life Insurance Plan and Fairfield Industries Incorporated d/b/a FairfieldNodal, 3:15-cv-00317 (S.D. Tex. filed Nov. 6, 2015);

5. True View Surgery Center One, L.P. v. TGS-NOPEC Geophysical Company Welfare Benefit Plan, and TGS-NOPEC Geophysical Company, 4:15-cv-03284 (S.D. Tex. filed Nov. 6, 2015);

6. True View Surgery Center One, L.P. v. Exterran Energy Solutions Welfare Benefit Plan, Exterran Energy Solutions LP, 4:15-cv-03286 (S.D. Tex. filed Nov. 6, 2015); and

7. True View Surgery Center One, L.P. v. CH2M Hill Group Life Insurance and Major Medical Plan, CH2M Hill Companies, Ltd., and Erik Ammidown, 3:15-cv-00318 (S.D. Tex. filed Nov. 9, 2015).

[23]See Plaintiff's Opposition, Docket Entry No. 17, pp. 22-23.

[24]True View asserts that Cigna did not identify the claims of the Named Patients in its original or amended complaints in the Connecticut Action.  See Plaintiff's Opposition, Docket Entry No. 17, p. 11.  However, the Named Patients' claims are listed in exhibits that were attached to Cigna's Amended Complaint in the Connecticut Action.  See Exhibits 2-5 to Motion to Transfer, Docket Entry Nos. 5-3 through 5-6.  Two of the Connecticut exhibits were filed on November 3, 2015, with Cigna's Amended Complaint (three days before True View filed the Texas Action).  See Plaintiffs' Amended Complaint (Connecticut Action), Exhibit 1 to Motion to Transfer, Docket Entry No. 5-2; Exhibits I and J to Plaintiffs' (continued...)

-8-

filed previously therefore do not affect this court's determination that this action should be transferred to the District of Connecticut under the first-to-file rule, as discussed below.

**B.    Overlap of Parties and Issues**

True View argues that this case asserts misconduct by the Goodman defendants stemming from their "misuse of plan funds and <u>nonpayment</u> of a claim" and is distinct from the Connecticut Action, where Goodman is not a party.[25]  True View notes that True View is "only a defendant" in the Connecticut Action and has not asserted a counterclaim in the Connecticut Action.[26]

The Connecticut defendants, including True View, operate two ambulatory surgical centers ("ASCs"):  Town Park Surgery Center,

---

[24](...continued)
Amended Complaint (Connecticut Action), Exhibits 4 and 5 to Motion to Transfer, Docket Entry Nos. 5-5 and 5-6.  This was after True View sent its Level III Appeal regarding the Named Patients' claims that "warned of impending lawsuit to be filed within three days of the letter."  <u>See</u> Plaintiff's Opposition, Docket Entry No. 17, pp. 14-15; Level III ERISA Appeal, Exhibit H to Plaintiff's Opposition, Docket Entry No. 17-8.  Regardless of when they became so, the Named Patients' claims are at issue in the Connecticut Action.  True View does not challenge the fact that Cigna sued on behalf of the Goodman Plan (among others) when it first instituted the Connecticut Action.  Goodman asserts that nonpayment claims were at issue in the Amended Complaint, filed over seven months before the Texas Action was filed.  <u>See</u> Defendants' Reply in Support of Their Motion to Transfer to District of Connecticut ("Defendants' Reply"), Docket Entry No. 19, pp. 3-4.

[25]<u>See</u> Plaintiff's Opposition, Docket Entry No. 17, p. 17.

[26]<u>See</u> <u>id.</u> at 18.

known as "TPSC" or "Oprex Houston," and Oprex Beaumont.[27]  Altus
Healthcare Management, LP manages both ASCs, and both are part of
the "Altus Network," a "network of physician-owned, for-profit
medical facilities that are party owned and/or managed by [Altus
Healthcare Management, LP] and its related entities."[28]  TPSC houses
"four interrelated surgical practices:" True View (which operates
under the assumed names "Oprex Surgery Center" and "Town Park
Surgery Center"); LCS Surgical Affiliates, LP; Oprex Surgery
(Houston), LP; and Pasnar Houston, LLC.[29]  The four practices share
an address and telephone numbers and one Ambulatory Surgical Center
License issued by the Texas Department of State Health Services and
submit claims for reimbursement under the same Tax Identification
Number ("TIN").[30]  On October 19, 2015, four defendants in the
Connecticut Action -- Oprex Surgery Houston, LP; LCS Surgical
Affiliates, LP; Pasnar Houston, LLC; and Oprex Surgery Beaumont LP

---

[27]See Defendants' Amended Answer, Affirmative Defenses and
Counterclaims to Plaintiffs' Amended Complaint (Connecticut Action)
("Defendants' Amended Answer — Connecticut Action"), Exhibit 7 to
Motion to Transfer, Docket Entry No. 5-8, p. 3 ¶ 8, admitting to
the allegations in Plaintiffs' Amended Complaint (Connecticut
Action), Docket Entry No. 5-2, p. 5 ¶ 8.

[28]See id.

[29]See id. at 11 ¶ 91, admitting to the allegations in
Plaintiffs' Amended Complaint (Connecticut Action), Docket Entry
No. 5-2, pp. 24-25 ¶ 91.

[30]See id. ¶¶ 91-92, admitting to the allegations in Plaintiffs'
Amended Complaint (Connecticut Action), Docket Entry No. 5-2,
pp. 24-25 ¶¶ 91-92.

-- filed counterclaims against Cigna.[31]  All of the defendants filed their answers and counterclaims in the same pleading.[32]  The court concludes that True View is substantially related to the defendants who filed counterclaims in the Connecticut Action.

While Cigna is not a named party in the Texas Action, Cigna and its conduct is mentioned on nearly every page (and in nearly every paragraph) of the thirty-six page Complaint.[33]  Goodman contracted with Cigna to provide administrative services for the Plan, and that agreement impacts the claims at issue in the Texas Action.  Cigna brought the Connecticut Action on behalf of Goodman and many similarly situated employer plans.  Most significantly, True View is a party to both actions.  Therefore, there is substantial overlap in parties.  See In re Amerijet International, Inc., 785 F.3d 967, 976 (5th Cir. 2015) (noting that the inquiry here is one of "substantial overlap," not whether the cases are identical).

In the Texas Action True View alleges:

• Transfers are first concealed by processing out-of-network claims under a fabricated Preferred Provider Organization (PPO) "contractual obligation," even though Defendants and Cigna are fully aware that no such contract exists.[34]

---

[31]See id. at 24.

[32]See id.

[33]See Complaint, Docket Entry No. 1, pp. 3-17, 20-29, 31-32.

[34]Complaint, Docket Entry No. 1, p. 3 ¶ 8.

-11-

In the Connecticut Action the counterclaim defendants allege:

- Cigna knowingly and systematically mislabeled the TPSC and Oprex [Beaumont] claims with the "contractual obligation" code in order to benefit thereby," . . . in order to fraudulently lower the reimbursement due to Counterclaim Defendants.[35]

In the Texas Action True View alleges:

- "Cigna implemented its 'fee-forgiving' scam, whereby Cigna unjustly demands proof from the provider that the patients' deductibles and coinsurance amounts were collected in full as a contrived precondition of payment of benefits." . . . Cigna bases its position on "a strained misinterpretation" of an extraneous clause drafted by Cigna and contained in Cigna's ASO form document.[36]

The counterclaim defendants in the Connecticut Action allege:

- Cigna justifies its unwillingness to pay [certain out-of-network claims] on a tortured reading of exclusions allegedly found in the Plans. Namely, Cigna asserts that the Plans require Counterclaim Plaintiffs to bill patients for, and collect from patients, the full measure of any applicable deductible or coinsurance amount . . . [and] Counterclaim Plaintiffs' failure to do so triggers exclusions in the Plans, leaving Counterclaim Plaintiffs with no entitlement to payment for their services.[37]

There is thus a substantial similarity among the issues to be decided in the two actions even if True View is not the party

---

[35]Defendants' Amended Answer — Connecticut Action, Exhibit 7 to Motion to Transfer, Docket Entry No. 5-8, p. 32 ¶¶ 45-46.

[36]Complaint, Docket Entry No. 1, p. 14 ¶¶ 38, 39.

[37]Defendants' Amended Answer — Connecticut Action, Exhibit 7 to Motion to Transfer, Docket Entry No. 5-8, p. 25 ¶ 2.

asserting them as counterclaims in the Connecticut Action.[38]
Although Goodman's alleged misconduct is not at issue in the
Connecticut Action, the Connecticut court will examine similar
relationships and agreements between similarly situated parties.
Both actions require interpretation of language in Cigna's
contracts, and will also involve True View's fee-waiver decisions
for patients.[39]   See Save Power, 121 F.3d at 950-51 (rejecting
argument that first-to-file did not apply because neither the
issues nor the parties were identical and finding that both cases
"center on the question whether Save Power can proceed with
foreclosure on any or all of its security interest in the assets of
Pursuit under the terms of the Subordination Agreement"); Fat

---

[38]True View argues that the Named Patients' claims are outside
the scope of the Connecticut Action because Cigna seeks recovery of
alleged overpayments in Connecticut, while in this action the Named
Patients' claims were unpaid.  However, Cigna's amended complaint
requests "a declaration that, under the terms of the ERISA plans
insured and/or administered by Cigna, no coverage is due where
Defendants do not enforce the plans' cost-share requirements or
where Defendants charge for expenses that would not have been
charged to the member if the member did not have insurance."
Plaintiffs' Amended Complaint (Connecticut Action), Exhibit 1 to
Motion to Transfer, Docket Entry No. 5-2, p. 41 ¶ 164.

[39]In the Connecticut Action, Cigna argues:  "Defendants charge
Cigna inflated and unjustified outpatient facility fees without
charging plan members their full cost-share obligations, thereby
inducing members to accept such unconstrained fees without
deliberation."  Plaintiffs' Amended Complaint (Connecticut Action),
Exhibit 1 to Motion to Transfer, Docket Entry No. 5-2, p. 5 ¶ 7.
In the Texas Action True View argues:  "Then, Defendants and Cigna
knowingly implemented a system to willfully and wrongfully refuse
payments to the out-of-network provider under a sham 'fee-
forgiveness' protocol."  See Complaint, Docket Entry No. 1, p. 3
¶ 8.

<u>Possum Records, Ltd. v. Capricorn Records, Inc.</u>, 909 F. Supp. 442, 445 (N.D. Miss. 1995) (finding transfer appropriate because both actions sought to determine the "status of the contractual relationship between the parties" even though one action sought to recover for breach of contract and the other sought to enforce an alleged modification).

Because the same medical claims and legal issues are being litigated in the two actions, unless one of the actions is transferred there is a possibility of inconsistent rulings in the two actions.  <u>See</u> <u>Jesco Construction of Delaware, Inc. v. Clark</u>, No. 1:10CV453-HSO-JMR, 2011 WL 2460872, at *3 (S.D. Miss. June 17, 2011) (transfer appropriate to avoid the potential for conflicting and inconsistent rulings based on the same facts and issues).  The same types of evidence will also be needed in both actions.  <u>See</u> <u>International Fidelity Insurance Co. v. Sweet Little Mexico Corporation</u>, 665 F.3d 671, 678 (5th Cir. 2011) ("In deciding if a substantial overlap exists, this court has looked at factors such as whether the core issue . . . was the same or if much of the proof adduced . . . would likely be identical.") (quotations and citations omitted)).

Transfer will also further the "principles of comity and sound judicial administration."  <u>See</u> <u>In re Amerijet International, Inc.</u>, 785 F.3d at 976 (quoting <u>Cadle Co.</u>, 174 F.3d at 603).  True View and the other Connecticut Action defendants filed a motion to transfer the case to the Southern District of Texas pursuant to 28

-14-

U.S.C. § 1404(a), which the Honorable Judge Alfred V. Covello denied.[40]  Judge Covello thus had an opportunity to evaluate True View's arguments for transferring the Connecticut Action to the Southern District of Texas, but declined to transfer the case.[41] The Connecticut Action defendants also filed a motion to dismiss, which was granted in part and denied in part.[42]  The Connecticut court has thus acquired familiarity with the factual background of the case and the related legal issues.

Transfer of this action to Connecticut will better facilitate coordination among the parties and will place the dispute before a court familiar with the central issues in the case.  This will serve the underlying purposes of the first-to-file rule:  "[T]o avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." West Gulf Maritime Association v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast District of the ILA, 751 F.2d 721, 729 (5th Cir. 1985).

---

[40]See Memorandum of Law in Support of Defendants' Motion to Transfer, Exhibit F to Plaintiff's Opposition, Docket Entry No. 17-6.  See also Connecticut Action, Docket Entry No. 63 (not attached).

[41]Neither party provided Judge Covello's order denying transfer.

[42]See Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, Exhibit D to Plaintiff's Opposition, Docket Entry No. 17-4; Plaintiffs' Opposition to Defendants' Motion to Dismiss, Exhibit E to Plaintiff's Opposition, Docket Entry No. 17-5; Ruling on the Defendants' Motion to Dismiss (Connecticut Action), Exhibit 6 to Motion to Transfer, Docket Entry No. 5-7.

C.    **Exceptions**

Courts have discretion to refuse to apply the first-to-file rule when the plaintiff demonstrates compelling circumstances against it.  True View argues that the bad faith and anticipatory filing exceptions apply, and notes that courts give substantial deference to a plaintiff's choice of forum.[43]  One exception applies when a party files a declaratory judgment action in anticipation of a suit by its adversary, which can create an opportunity for forum-shopping.  See Paragon Industries, L.P. v. Denver Glass Machinery, Inc., No. 3-07CV2183-M, 2008 WL 3890495, at *4 (N.D. Tex. Aug. 22, 2008).  "In determining whether a suit is anticipatory, courts scrutinize the parties' activities prior to filing of a suit.  Courts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum."  Id.  Compelling circumstances to disregard the first-to-file rule also exist "where a court determines that a party engaged in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he could file a preemptive lawsuit."  Bank of America v. Berringer Harvard Lake Tahoe, No. 3:13-CV-0585-G, 2013 WL 2627085, at *2 (N.D. Tex. June 12, 2013) (quotations omitted).  True View argues that "Cigna only moved to amend and identify the claims of [the Named Patients]

---

[43]See Plaintiff's Opposition, Docket Entry No. 17, pp. 23-25.

in the Connecticut action <u>after</u> Goodman Defendants received True View's Level III Appeal (warning of impending litigation)."

True View has not shown that Cigna filed the Connecticut Action in bad faith or induced an opposing party to delay filing suit. Cigna filed the Connecticut Action in December of 2014, nearly a year before True View filed the Texas Action. There is no credible evidence that the Connecticut Action was filed in anticipation of True View bringing this action against Goodman.

True View also argues that transfer is premature. It argues that because the <u>OneSubsea</u> case is still pending, this court will rule on those claims, and the goal of uniformity cannot be fully achieved even if this case is transferred.[44] True View also argues that the Connecticut Action may ultimately be re-transferred to the Southern District of Texas based on a recent ruling by the Supreme Court and pending motions in the Connecticut Action, and that discovery may reveal plan documents with "an enforceable plan provision that specifies jurisdiction for this dispute."[45] Despite

---

[44]<u>See</u> Plaintiff's Opposition, Docket Entry No. 17, pp. 25-26.

[45]<u>See</u> <u>id.</u> True View alleges that if the "already thin thread keeping this case before the District of Connecticut" is broken, True View and its affiliates will renew their motion to transfer in the Connecticut Action. <u>See</u> <u>id.</u> at 26 and 26 n.6. Should the Connecticut Action defendants renew their motion to transfer under § 1404(a), "[t]he Fifth Circuit made clear that it is the first-filed court . . . that should make the 1404(a) determination." <u>Twin City Insurance Co. v. Key Energy Services, Inc.</u>, Civil Action No. H-09-0352, 2009 WL 1544255, at *6 (S.D. Tex. June 2, 2009) (discussing <u>Sutter Corp. v. P & P Industries, Inc.</u>, 125 F.3d 914, 920 (5th Cir. 1997)).

-17-

these possibilities, the court is satisfied that at present there is a likelihood of substantial overlap in issues and parties. See International Fidelity Insurance, 665 F.3d at 678. The court has considered True View's arguments and concludes that True View has not demonstrated compelling circumstances that counsel against transfer.[46]

"[O]nce a district court determines that issues in the suits might substantially overlap, the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed." Wells Fargo Bank, N.A. v. West Coast Life Insurance Co., 631 F. Supp. 2d 844, 846-47 (N.D. Tex. 2009). The District of Connecticut is the proper forum to determine whether consolidation is appropriate, and the parties may raise arguments for or against consolidation there. See Sutter Corp., 125 F.3d at 920.

---

[46]True View argues that the traditional venue factors weigh in favor of the Southern District of Texas and that there is a strong local interest in having this case decided here. See Plaintiff's Opposition, Docket Entry No. 17, pp. 22-23, 27. However, "[a]s other district courts have pointed out, a motion to transfer pursuant to the first-to-file rule does not depend on the presence or absence of the § 1404(a) considerations." Luckett v. Peco Foods, Inc., No. 3:07cv85-KS-MTP, 2008 WL 534760, at *3 (S.D. Miss. Feb. 22, 2008). "Because the Plaintiff's action will be transferred under the first-to-file rule, the Court does not address, and expresses no opinion on, whether a transfer pursuant to § 1404(a) would be proper." Id.

## IV.   <u>Conclusion</u>

The court has determined that this action substantially overlaps with an action previously filed in the District of Connecticut and that there are no compelling circumstances that would bar transfer. Defendants' Motion to Transfer Case to District of Connecticut (Docket Entry No. 5) is therefore **GRANTED**, and the action is **TRANSFERRED** to the United States District Court for the District of Connecticut.

**SIGNED** at Houston, Texas, on this 24th day of February, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE